UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ
2025 APRIL 16
JEANNE A. NAUGHTON
BY: _____
DEPUTY CLERK

| | |
|---|---|
| In re: | |
| | CHAPTER 7 |
| STEPHEN ANTHONY PANTAGIS and ESTHIMIA PANTAGIS, | |
| Debtors. | Case No. 21-18517 (CMG) |
| | |
| ENB TRUST, INDIVIDUALLY AND AS ASSIGNEE OF YYB TRUST, | |
| | ADV. NO.: 22-01404 (RG) |
| Plaintiff, | |
| v. | |
| | Civil Action No. 23-3586-ZNQ |
| STEPHEN PANTAGIS, *et al.*, | |
| Defendants. | |

## OPINION ON REMAND

**APPEARANCES:**

**Israel Grossman, Trustee and Beneficial Owner,**
**ENB Trust, individually and as Assignee of YYSB Trust**
PRO SE
1078 East 15th Street
Brooklyn, NY 11230

Edgar M. Whiting, ESQ.
D'ARCAMBAL OUSLEY & CUYLER BURK, LLP
Four Century Drive
Parsippany, NJ 07054
Attorneys for The Prudential Insurance Company of America

## MATTER BEFORE THE COURT

Before the Court are the following issues on remand from the United States District Court for the District of New Jersey in Civil Action No. 23-3586-ZNQ, *Letter Order* dated February 15, 2024 of the Honorable Zahid N. Quraishi, USDJ:

1. Based on the record existing as of the June 13, 2023 hearing on a Motion for Reconsideration filed by Plaintiff, ENB Trust, individually and as Assignee of YYB Trust (the "ENB Trust") in Adversary Proceeding No. 22-1404, which was before Bankruptcy Judge Kathryn C. Ferguson, who has since retired, the matter was remanded to the Bankruptcy Court to clarify the basis for its decision that Mr. Israel Grossman may not proceed *pro se* representing the ENB Trust, and the evidence and case law upon which it relies for that decision.

2. Upon remand, this Court has been directed to also consider Mr. Grossman's motion filed in the Bankruptcy Court to extend the time to appeal the June 13, 2023 Order of the Bankruptcy Court denying Plaintiff's Motion for Reconsideration of a March 8, 2023 Order of Judge Ferguson dismissing the Adversary Proceeding.

The Hearing on Remand was heard on February 20, 2025 at which Mr. Israel Grossman appeared on behalf of Plaintiff, ENB Trust, individually and as Assignee of YYB Trust ("Plaintiff") and Edgar M. Whiting, Esq. of d'Arcambal Ousley &Cuyler Burk, LLP appeared on behalf of Prudential Insurance Company of America ("Prudential.") At that time, the Court reserved decision.

The following constitutes this Court's finding of facts and conclusions of law.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Debtors Stephen Anthony Pantagis ("Pantagis") and Esthimia Pantagis (together "Debtors"), through then counsel Michael Leonard Detzky, Esq., filed a voluntary joint Chapter

2

7 petition on November 2, 2021, Case No. 21-18517-CMG. David Wolff was appointed as Ch. 7 Trustee. The Debtors were granted a discharge by Order entered on September 30, 2022 (ECF 94).

<u>ENB Adversary Proceeding 22-1404</u>

On December 28, 2022, Plaintiff, ENB Trust, filed a complaint against the Debtors, Stephen Anthony Pantagis, individually and as Trustee of the Pantagis Trust, and Esthimia Pantagis, as well as Anthony Pantagis, as Trustee of the Pantagis Trust (the "Complaint.") The Complaint was filed by Mr. Israel Grossman as "Trustee and Beneficial Owner [of the] ENB Trust." In the Complaint, Plaintiff seeks, among other things, to except from discharge a pre-petition domesticated New Jersey State Court Judgment against the Debtors.

It is alleged in the Complaint:

- Plaintiff YYSB Trust is a family Trust that assigned to ENB Trust its interest in two fraudulent promissory notes from Stephen Pantagis that represented that loans were secured by a life insurance policy on the life of his parents that was collaterally assigned to YYSB Trust.[1]
- Plaintiff, ENB Trust is a family Trust with its principal offices located at 1078 East 15th Street, Brooklyn, N.Y. 11230 and Israel Grossman is a Trustee and beneficial owner of ENB Trust.
- As per the Complaint and Exhibit A attached thereto, a Decision and Order was entered on December 10, 2019 by the Honorable Arthur F. Engoron, Justice of the Supreme Court of the State of the New York, New York County in favor of ENB Trust, Israel Grossman Trustee, as Plaintiff and against Stephen Pantagis as Defendant in the amount of $560, 425.00 plus interest from October 1, 2014, costs and disbursements, Index No, 157856 / 2019 (the "New York Action.")
- Following entry of the Decision and Order, Judgment was entered in the New York Action on March 18, 2020, in the total amount of $836,678.20 against Stephen Pantagis (See Complaint Exhibit A). The Judgment was domesticated in New Jersey as DJ – 071063-22 on June 13, 2022. (See Complaint Exhibit B).

---

[1] Although the caption of the Complaint refers to the "YYB Trust" the Complaint and other filings in this case refer to the "YYSB Trust." Plaintiff's prior counsel in the main bankruptcy case, Scarinci Hollenbeck, LLC by David Edelberg, Esq. entered an appearance on October 17, 2022 on behalf of "YYSB Trust and ENB Trust." On December 5, 2022, Mr. Grossman was substituted in for Scarinci Hollenbeck, LLC who withdrew as counsel.

- o In the Complaint Plaintiff alleges, among other thing, that the judgment resulted from Debtor, Stephen Pantagis' default on three allegedly fraudulent promissory notes and a Loan Agreement drafted by Stephen Pantagis, in which he was the borrower. The Assignor nonparty YYSB Trust was the lender on a July 1, 2013 $75,000 Promissory Note (Complaint, Exhibit C) and an August 23, 2013 $50,000 Promissory Note (Complaint, Exhibit D) and ENB was the lender on a $200,000 November 16, 2013 Loan Agreement with attached Exhibits of properties purportedly securing the loan (Complaint, Exhibit G).
- o According to the Plaintiff, the loans were obtained by false pretenses, false representations, actual fraud and the use of a statement in writing that was materially false all of which was relied upon by the lenders in making the loans. Among the false representations Plaintiff alleges were made by Stephen Pantagis is that the loans were secured by life insurance policies issued by Prudential.
- o Plaintiff also claims in the complaint, *inter alia*, that notice of the bankruptcy was not sent to Mr. Grossman but to ENB's counsel in the New York State court action and to the wrong address for such counsel and ENB had no notice of the bankruptcy. See Complaint, pages 9-10 (¶¶ 35-36).

The Plaintiff, by the Complaint, requests judgment against the Defendants and that the debt owed by the Debtor-Defendant Stephen Pantagis be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(2)(B).

The adversary proceeding was dismissed for want of prosecution by Order of Judge Ferguson entered on March 8, 2023 (ECF 6) on the basis that the Plaintiff, a Trust, required to be represented by counsel.

Plaintiff on April 3, 2023 filed a Motion for Reconsideration of the Dismissal of the Adversary Proceeding and to file an Amended Complaint to add Prudential as a defendant (ECF 9). Prudential on June 6, 2023 filed opposition to the Motion for Reconsideration to the extent it sought approval to amend the complaint to add Prudential as a defendant (ECF 13).

The hearing on the Motion for Reconsideration was originally scheduled for May 2, 2023 and rescheduled for June 6, 2023. On May 30, 2023 a determination of Prudential's adjournment request was entered on the docket granting an adjournment of the Motion to June 13, 2023 at 10:00 A.M.

Although the Motion for Reconsideration had been adjourned several times, the Plaintiff's Reply in support of the motion was not filed with the bankruptcy court until June 13, 2023. The Plaintiff through Israel Grossman, who is not an authorized e-filer for the Court's electronic filing system, apparently filed documents by mailing them to the Court. The reply submitted by Plaintiff was stamped as having been received by the Bankruptcy Court on June 13, 2023.[2] The reply is listed on the Court's docket as filed on June 13, 2023 and entered on the docket on June 14, 2023 (ECF 14).

A hearing on the Motion for Reconsideration was held on June 13, 2023. Edgar M. Whiting, Esq. of d'Arcambal Ousley & Cuyler Burk, LLP appeared at the June 13, 2023 hearing on behalf of Prudential Insurance Company of America. There was no appearance by Mr. Grossman or any party on behalf of the Plaintiff ENB Trust.

The Order Denying the Plaintiff's Motion for Reconsideration was entered by Judge Ferguson on June 13, 2023. The Order was entered on the Court's docket on June 14, 2023 (See ECF 16). It is not clear from the record whether the late filed Reply of Mr. Grossman was before the Bankruptcy Court at the time of the June 13, 2023 hearing. There is no order or other entry on the docket permitting the reply to be filed late or addressing why it was filed late.

On June 29, 2023, the Plaintiff ENB Trust, through Israel Grossman, filed a Notice of Appeal of the June 13, 2023 Order Denying the Motion for Reconsideration entered on the Docket on June 14, 2023.

On July 17, 2023, Plaintiff filed a Motion to Extend the Time to File a Notice of Appeal (See ECF 27).

---

[2] D.N.J. LBR 9013-2(a) (3) provides that "Any (i) reply or (ii) opposition to a cross-motion must be filed and served not later than 4 days before the hearing date."

A Text Order was entered on the docket on July 19, 2023, stating that the bankruptcy court lacked jurisdiction over the motion to extend time to file an appeal because the appeal was already pending before the District Court. (See ECF 28). Specifically, the Text Order stated:

> Appeal transmitted to District Court on 7/5. Bankruptcy Court no longer has jurisdiction to hear motion. Motion to Extend Time will not be heard on 8/8.

(ECF 28)

On August 7, 2023, as a result of Judge Ferguson having retired, a Text Order was entered on the docket stating that the case was reassigned to Judge Gambardella.

The hearing on Plaintiff's Motion to Extend Time to File a Notice of Appeal was conducted on September 14, 2023. Prudential filed a response to the Motion on September 5, 2023 (ECF 30). Israel Grossman filed a letter to Judge Gambardella in response to the Prudential filing on September 7, 2023 (ECF 31). At the September 14, 2023 Hearing Mr. Grossman and Mr. Whiting appeared before the Bankruptcy Court. The Court determined that the Motion was already the subject of the Court's Text Order entered on July 19, 2023.The docket entry following the September 14, 2023, 10:30 A.M. Hearing states: "Minute of Hearing Held, OUTCOME: Text Order Entered on 7/19/23."

## The Appeal

On February 15, 2024, U.S. District Judge Quraishi, in Civil Action No. 23-3586-ZNQ issued a Letter Order on the Appeal. As set forth therein Judge Quraishi, stated that on July 11, 2023, the District Court ordered Mr. Grossman to show cause as to why the appeal should not be dismissed since Mr. Grossman is not an attorney and cannot represent ENB Trust, an artificial entity. After reviewing the submissions filed the District Court withdrew its Order to Show Cause and remanded the matter to the Bankruptcy Court for clarification (a copy of February 15, 2024 Letter Order is entered on the Adversary Docket at ECF 32).

As set forth in the District Court's Decision, in determining whether an individual can represent a trust *pro se*, the Third Circuit looks to whether a party is the sole beneficiary, and if the trust has no creditors. See Remand Decision, p. 2 (citing *Kendrell v. Sec'y United States Dep't of Def.*, 851 F. App'x 317, 318 n.1 (3d Cir. 2021) )(finding a non-attorney, as the sole beneficiary to her late son's estate, could represent an estate as she was not representing anyone else's interest); *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 n.2 (3d Cir. 2018)) (finding pro se representation is not permitted when an estate has other beneficiaries besides the administrator or other creditors)).The District Court's Decision sought clarification from the Bankruptcy Court regarding what evidence and case law the Bankruptcy Court relied on for its decision that Mr. Grossman could not represent the ENB Trust. As stated by the District Court in its February 15, 2024 Letter Order:

> In the June 13, 2023 Order, the Bankruptcy Court held that Mr. Grossman could not represent a trust under federal law, and that it found "the cases cited by Mr Grossman are not controlling on the issue here because it's not been conclusively established by admissible evidence that Mr. Grossman is, in fact, the sole beneficiary of the ENB Trust or that the ENB Trust has no creditors." (ECF No. 6-1 at 5:20-24.)

> The District Court further stated therein:

> In its order, the Bankruptcy Court stated that "based on Mr. Grossman's own representation, it appears that his grandchildren may possibly be contingent beneficiaries of the ENB Trust." (ECF No. 6- 1 at 6:4-6.) The record reflects that ENB Trust is a revocable, living trust organized under the laws of New York state. (ECF No. 6-3.) Under New York law, parties who will inherit revocable living trusts upon a beneficiary's death possess no "interest until decedent's death, when the trust became irrevocable." *In re Malasky*, 290 A.D.2d 631, 632 (2002). As such, until Mr. Grossman's death his grandchildren do not have a beneficial interest in ENB Trust. The Appealed Decision does not cite other facts upon which it relied to determine there was a factual question regarding Mr. Grossman's relationship to the trust or the existence of creditors. It also did not clearly state whether it had reviewed the evidence and argument submitted by Mr. Grossman that was docketed by the Clerk that same day.

7

On March 21, 2024 this Court issued a *Notice of Hearing for Status Conference on Letter Order of Remand Dated February 15, 2024 of Judge Zahid N. Quraishi*, U.S.D.J (ECF 33) setting a hearing for April 4, 2024.

On April 2, 2024, Prudential requested an adjournment of the status conference and notified the Bankruptcy Court that on February 28, 2023, Prudential filed a motion in the District Court for reconsideration of the District Court Order and that in that motion to reconsider:

> The gist of Prudential's Motion is that because the appeal was untimely filed, the District Court lacked subject matter jurisdiction over the appeal altogether. Prudential seeks to have the District Court address this threshold issue before the Bankruptcy Court and the parties commit further resources addressing other issues as required by what Prudential contends is, in effect, an invalid order.

(ECF No. 35).

The District Court denied the Prudential's Motion for Reconsideration by Letter Order dated August 28, 2024 entered on the District Court Docket (the "Reconsideration Order.")

### Subsequent Bankruptcy Hearings and Filings

On October 15, 2024, Prudential filed a letter (the "Status Letter") (ECF36) in the Adversary Proceeding notifying the Bankruptcy Court of the District Court's decision denying Prudential's Motion for Reconsideration. A copy of the District Court's August 28, 2024 Letter Order was submitted as an Exhibit to Prudential's status letter.

Mr. Grossman filed a Response dated October 15,2024 (and filed on the docket on October 21, 2024) (ECF 37).

This Court held a status conference on the remand on November 19, 2024 at which Mr. Whiting as counsel for Prudential appeared and Mr. Grossman appeared. The parties were directed to each file letter memoranda addressing the relevant portions of the record before Judge Ferguson and a hearing on the remand was rescheduled for February 20, 2025.

Following the November 19, 2024 status conference, the parties submitted supplemental briefing. On December 5, 2024 Prudential filed a Letter Memorandum (ECF 40) and Israel Grossman pro se filed a Letter Memorandum (ECF 41). Thereafter, Prudential filed a Reply on December 12, 2024 (ECF 42) and Israel Grossman filed a Reply on December 13, 2024 (ECF 43). A hearing was conducted on February 20, 2025.

<u>Arguments at the February 20, 2025 Hearing</u>

At the Remand hearing, Mr. Grossman asserted that he submitted relevant documents to the Bankruptcy Court in support of his Motion for Reconsideration of the Order of Dismissal of the Adversary Proceeding, but he did not believe Judge Ferguson reviewed the Reply which was filed on the day of the June 13, 2023 hearing.

Mr. Grossman argued that the documents he filed, in particular, the documents filed as exhibits to the Reply, established that there was an assignment of the claims of the YYSB Trust to ENB Trust. Mr. Grossman argues the affirmation of Mr. Lawrence Kulak, Mr. Grossman's counsel in the NY state proceedings which was attached to the Motion for Reconsideration and the Reply.

Mr. Grossman urged that the merger of the YYSB Trust and the ENB Trust was effectuated through the one-page July 22, 2019 Resignation of Trustee signed by Mr. Grossman's son-in law Mr. Yitzchok Tyner (Reply, Exhibit L) in which Mr. Tyner resigns as Trustee of the YYSB Trust and appoints Mr. Grossman as Trustee of the YYSB Trust and the one-page July 22, 2019 Assignment of the claims of the YYSB Trust to the ENB Trust signed by Mr. Grossman as Trustee of the YYSB Trust and Assignor (Reply, Exhibit N).

The Court questioned why the ENB Trust agreement was a part of the record, but the YYSB Trust Agreement was not. Mr. Grossman explained that the trust agreements were very

9

similar, and he is the sole beneficiary and trustee of both trusts which are revocable trusts. Mr. Grossman asserted the YYSB Trust Agreement was not relevant because the only creditor listed in the bankruptcy was the ENB Trust. Mr. Grossman also argued that New York law should apply because it is a New York trust.

Mr. Whiting addressed Mr. Grossman's argument that the New York and New Jersey state courts have recognized the merger of the YYSB Trust claims into the ENB Trust and noted his understanding that whatever judgments were entered in those litigations were default judgments and thus he believed that neither Court had to confront the issue of standing.

Mr. Whiting also noted that Mr. Grossman had counsel in the Pantagis Chapter 7 bankruptcy case who represented the interests of the Plaintiff, ENB Trust and he did not know why such representation discontinued. Mr. Grossman explained that bankruptcy counsel was costly, and he had limited resources, and he could not continue to retain David Edelberg, Esq. as counsel due to the costs.

Mr. Whiting asserted that Judge Ferguson had the discretion to not consider the late filed June 13, 2023 Reply of Mr. Grossman. Mr. Whiting also stated that the transcript of the June 13, 2023 hearing does not reflect the full extent of the proceedings before the Court prior to June 13, 2023. In other words, the case had a history, and the June 13, 2023 hearing did not occur upon a "clean slate." Mr. Whiting noted that Mr. Grossman was warned several times by Judge Ferguson that he could not appear pro se.

### The February 15, 2024 Letter Order

In the Letter Order the District Court set forth the following:

> In its order, the Bankruptcy Court stated that "based on Mr. Grossman's own representation, it appears that his grandchildren may possibly be contingent beneficiaries of the ENB Trust." (ECF No. 6-1 at 6:4-6.) The record reflects that ENB Trust is a revocable, living trust organized under the laws of New York state. (ECF No. 6-3.) Under New York law, parties who will inherit revocable living trusts

10

> upon a beneficiary's death possess no "interest until decedent's death, when the trust became irrevocable." *In re Malasky*, 290 A.D.2d 631, 632 (2002). As such, until Mr. Grossman's death his grandchildren do not have a beneficial interest in ENB Trust. The Appealed Decision does not cite other facts upon which it relied to determine there was a factual question regarding Mr. Grossman's relationship to the trust or the existence of creditors. It also did not clearly state whether it had reviewed the evidence and argument submitted by Mr. Grossman that was docketed by the Clerk that same day.
>
> Upon the District Court's review of the documents designated to the record in this Appeal, it is therefore not clear what evidence the Bankruptcy Court relied upon to make its determination that Mr. Grossman was not conclusively the sole trustee and beneficiary of the ENB Trust and that there were no creditors. (ECF No. 6-1.) There are facts in the record and in the Appellee's opposition to the Order to Show Cause from this Court that question Mr. Grossman's relationship to the YSSB Trust, which according to Mr. Grossman was merged with the ENB Trust prior to a New York Superior Court litigation against the debtor in the parent bankruptcy matter in 2019. (ECF No. 8.) However, it is not clear in the Appealed Decision whether the contentions regarding the YSSB Trust might have factored into its consideration of Mr. Grossman's relationship to the ENB Trust.

*Remand Order*, p. 2.

The District Court further requested that the Bankruptcy Court upon remand consider Mr. Grossman's motion to extend time to file a Notice of Appeal of the Bankruptcy Court's June 13, 2023 Order denying Plaintiff's Motion for Reconsideration of the March 8, 2023 Order of Judge Ferguson dismissing the Adversary Proceeding

The August 28, 2024 District Court Decision
<u>Denying Prudential's Motion for Reconsideration</u>

In denying Prudential's Motion for Reconsideration, the District Court in its August 28, 2024 Letter Order stated, *inter alia*, that the Plaintiff's Notice of Appeal was filed onto the record by the Bankruptcy Court on one day after the period for appeal expired and there is no evidence in front of the District Court as to what day the appeal arrived at the bankruptcy court. The District Court therein stated the following:

> The question of when the appeal arrived at the bankruptcy court is a factual one that Appellee [Prudential Insurance Company] did not address in its briefing. *Cf. In*

11

*re Roadhouse Holding Inc*., No. 16-11819, 2018 WL 1419887, at *2 (D. Del. Mar. 22, 2018), aff'd, 750 F. App'x 186 (3d Cir. 2019) (relying on the tracking information on the bankruptcy appeal mailed by a pro se appellant to determine the earliest date the appeal could have arrived at the courthouse); *see also In re Roadhouse Holding Inc*., 750 F. App'x 186, 187 (3d Cir. 2019) (using the earliest date the appeal could have reached the court in its timeliness analysis).

Further, Appellee acknowledges that under Rule 8002(b), Mr. Grossman had 21 days to file a Motion to Extend Time for Appeal and make an argument for excusable neglect. *In re Town Sports*, 2022 WL 3971583, at *1 ("Federal Rule of Bankruptcy Procedure 8002(d) allows a party to seek an extension of the appeal period by filing a motion showing excusable neglect with the Bankruptcy Court no later than 21 days after the expiration of the initial 14-day appeal period."); see also In re Roadhouse Holding Inc., 2018 WL 1419887, at *3 ("Upon learning of the [late] delivery, Appellant could have asked the Bankruptcy Court to extend the time to appeal by filing a motion before" the appropriate period expired.) Following Prudential's Motion to Dismiss based on timeliness of the appeal under the rule, Mr. Grossman timely filed such an application. (ECF No. 13 at 2; Bk. Dkt. 27.)

The District Court noted further that the Text Order on the Bankruptcy Court docket on July 19, 2023 stating that the appeal had been transmitted to the District Court on July 5, 2023. The District Court further noted the retirement of Judge Ferguson and the transfer of the case to this Judge as well as the hearing held by this Court on September 14, 2023 where this Court "held that the Bankruptcy Court had already made its Order on July 19.".  However, the District Court found the following:

> On their faces, neither the Bankruptcy Court's July 19 Order nor its September 14 confirmation that the Order had been made was a determination on the merits of any application to extend time and did not opine on the questions of timeliness or neglect. (*Id.*) However, given that the District Court would have had no subject matter jurisdiction on July 19, 2023 if the Appeal was untimely filed, the District Court can only construe from the Bankruptcy Court's July 19, 2023 Order that it may have believed the appeal was timely. (ECF No. 28.) If that, in fact, was not the case, the Bankruptcy Court rather than the District Court is best positioned to clarify its assessment of the timeliness of the appeal and if any untimeliness was due to excusable neglect.
>
> Dismissal of a bankruptcy claim brought by a *pro se* plaintiff is an extreme sanction. *Cf. In re Ruiz*, 776 F. App'x 750, 751 (3d Cir. 2019) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984)). Given that *pro se* bankruptcy litigants cannot electronically file their appeals and such appeals go

12

directly to the bankruptcy court, the bankruptcy court is the proper forum for determination of whether the appeal was late. In this case, Mr. Grossman believed his appeal was timely filed, when challenged on that issue he timely filed a motion to extend time, and in response the Bankruptcy Court stated the District Court properly had jurisdiction over the appeal and did not comment on the timeliness of the motion. Based on the foregoing, the Court finds that dismissal of Mr. Grossman's appeal when relevant factual questions remain, and the Bankruptcy Court's actions implied that it may have believed the appeal was timely, would be a matter of grave injustice to a *pro se* litigant.

On those findings, the District Court denied Prudential Insurance Company's Motion for Reconsideration.

## ANALYSIS

On remand upon review of this record, this Court finds that it was not conclusively established at the time of Judge Ferguson's June 13, 2023 decision and June 13, 2013 Order, based on the admissible evidence before the Court, including the exhibits attached to the Reply (ECF 14) filed with the Bankruptcy Court by Mr. Grossman on behalf of the Plaintiff on June 13, 2023, that Mr. Grossman was the sole beneficiary of the Trust and that the Trust had no creditors so as to allow Mr. Grossman, a non-attorney, to represent the Plaintiff, ENB Trust.

Mr. Grossman attached multiple exhibits to his Motion for Reconsideration many of which related to the alleged fraud (ECF 9). Relevant to the matter currently before the Court are Exhibit 1 (ECF 9-21) the Affirmation of Lawrence Kulak Esq. notarized March 2023[3] and Exhibit 2 (ECF 9-22) the Affirmation of Israel Grossman notarized on March 25, 2023. The Affirmation of Israel Grossman had attached to it the ENB Trust agreement dated July 21, 2019.

The Reply filed June 13, 2023 also attached multiple exhibits (ECF 14). Among the relevant exhibits are Exhibit K which consists of the ENB Trust Agreement, and the Affirmations of Mr. Kulak and Mr. Grossman previously submitted with the Motion for Reconsideration,

---

[3] The notarization states March 2023 without a day listed.

13

Exhibit L- a July 22, 2019 Resignation of Trustee in which Mr. Yitzchok Tzvi Tyner resigned as Trustee of YYSB Trust, Exhibit M - a June 9 2023 letter from Mr. Tyner to Prudential which references his July 22, 2019 resignation from the YYSB Trust, and Exhibit N- a July 22, 2019 assignment of YYSB Trust claims to ENB Trust.

The "Resignation of Trustee" (Exhibit L) signed by Yitzchok Tzvi Tyner and notarized on July 22, 2019 in the State of New York, Kings County, states the following:

> Pursuant to the provisions of Article XIII of the YYSB Trust (the "Trust"), I Yitzchok Tzvi Tyner, do hereby resign from serving as Trustee of the Trust and hereby appoint the Trust's sole beneficiary, Israel Grossman, as the Trustee of the Trust

The "YYSB Trust Assignment of Interest" (Exhibit N) signed by Israel Grossman as , "Trustee YYSB Trust, Assignor" and affirmed before a notary public on July 22, 2019 states the following:

> I, the undersigned Trustee of the YYSB Trust, hereby assign and transfer all rights, title and interest and claims or causes of action the YYSB Trust, Israel Grossman, Trustee (the "Assignor") may have to ENB Trust, Israel Grossman, Trustee ("assignee") The undersigned Assignor covenants to the Assignee, and any and all third parties, that the undersigned Assignor has a good right to assign and transfer such rights, title and interest, claims or causes of action.

Mr. Grossman in his supplemental submissions that the Court directed be filed (ECF 41 and 43) directed the Court's attention to the affidavits of Mr. Grossman and Mr. Lawrence Kulak, to the Resignation of Trustee, and to the YYSB Trust Assignment of Interest which were all filed with the Reply he filed on June 13, 2023.

As Prudential points out in its letter memorandum filed on December 5, 2024 (ECF 40) and in its Reply filed on December 12, 2024 (ECF 42), notwithstanding the documents submitted by Mr. Grossman to the Bankruptcy Court in his Reply filed on June 13, 2023, there remain the following deficiencies:

- o Both the 2013 discharge of assignment and the 2018 collateral assignment given by the Pantagis Trust to YYSB reflect Yitzchok Tyner as the trustee of YYSB Trust. The YYSB Trust is not included among the exhibits to the Motion for Reconsideration. Mr. Grossman's statement that he is or was the sole beneficiary of that trust is hearsay.

- o There is no reference in the ENB Trust Agreement to YYSB Trust, no reference to a merger of trusts and no reference to any conveyance or assignment by YYSB Trust of its interests as collateral assignee of the Policy to ENB Trust or any other entity. Schedule A of the ENB Trust Agreement, which purports to identify the ENB Trust property, is blank.

- o As recently as December 22, 2022, well after Mr. Grossman asserts, he merged the YYSB Trust with ENB Trust, Yitzchok Tyner was still communicating with Prudential in his capacity as the trustee of YYSB Trust. (*See* Certification of Edgar M. Whiting in Opposition to Motion for Reconsideration and to File Amended Complaint, Exh. A.)

- o there is also nothing in the record that establishes Mr. Lawrence Kulak Esq.'s competency to attest to the existence or non-existence of any debt or debts by either trust.

Judge Ferguson in denying the Motion for Reconsideration made the following findings on the record at the June 13, 2023 hearing:

> And just to reiterate as to the issue of Mr. Grossman not being an attorney, this has been raised before in this matter but the Court finds it appropriate to formally place on the record the legal underpinning for the Court's position that Mr. Grossman may not appear for the ENB Trust in this case. The Court must also address the slightly different position that Mr. Grossman has recently taken being that his status as sole beneficiary allows him to appear pro se.
>
> Federal law authorizes parties to plead and conduct their cases personally or by counsel, and that's from 28 U.S.C. 1654.
>
> Although individuals may represent their own personal interest without an attorney, artificial entities may appear in court only through licensed counsel, and you can see *In re Rowland v. California Men's Colony, Unit II*, 506 U.S. 194 noting the longstanding rule that corporations must be represented by licensed counsel and holding that this rule applies equally to all artificial entities.
>
> Trusts are artificial entities that exist independently of their trustee or trustees, that's from *ConAgra Foods v. Americold Logistics* at 776 F. 3d 1175, affirmed at 577 U.S. 378.

15

> So, if a trustee is not a licensed attorney, he or she cannot represent the trust and you can see In re U.S. -- sorry -- just *United States v. Lain* at 773 F. App'x 476, and *Knoefler v. United States (sic) -- Bank of Bismarck* at 20 F.3rd 347.
>
> To the best of this Court's knowledge Mr. Grossman is not an attorney licensed to practice law before this Court. This Court has inquired several times and Mr. Grossman has never made that representation. Accordingly, federal law prevents him from filing motions for ENB Trust.
>
> Mr. Grossman asserts that he is both the trustee and the sole beneficiary of the ENB Trust. As already stated, his role as trustee does not give him the right to appear before this Court on behalf of ENB Trust, neither does his role as beneficiary. The Court finds that the cases cited by Mr. Grossman are not controlling on the issue here because it's not been conclusively established by admissible evidence that Mr. Grossman is, in fact, the sole beneficiary of the ENB Trust or that the ENB Trust has no creditors.
>
> In *Murray on Behalf of Purnell v. City of Philadelphia* at 901 F.3d 169, the Court held that the interest of beneficiaries and creditors would prevent the non-attorney administrator of a decedent estate from representing the estate in Federal Court. Here, based on Mr. Grossman's own representation, it appears that his grandchildren may possibly be contingent beneficiaries of the ENB Trust. If Mr. Grossman wants benefits of the assets being held in the trust then he must also accept the burden and one of those burdens is that a trust can only appear in court if represented by a licensed attorney.

(June 13, 2023 Transcript, ECF 17.)

Under appropriate circumstances, it may be possible for a trust to be represented by a sole beneficiary under applicable law. However, on this remand to clarify the basis of Judge Ferguson's June 13, 2023 Decision, at the time of the June 13, 2023 hearing before Judge Ferguson and as set forth in the Bankruptcy Court's decision entered on the record on that day, the evidence before the Bankruptcy Court was insufficient to conclusively determine that Mr. Grossman was the sole beneficiary of the ENB Trust and that there were no creditors of the Trust so as to allow Mr. Grossman, a non-attorney, to represent the Plaintiff, ENB Trust.

Timeliness of the Notice of Appeal

Although Plaintiff filed a Notice of Appeal one day after the fourteen-day appeal period had expired, Plaintiff timely filed a Motion for the Extension of time to appeal. Rule 8002(d)(1) provides that "the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed: (A) within the time allowed by this rule; or (B) within 21 days after that time expires if the party shows excusable neglect."

As the Third Circuit stated in *Shareholders v. Sound Radio, Inc.,* 109 F.3d 873, 879 (3d Cir. 1997)

> We believe the facts in this case could support a finding of excusable neglect for the following reasons: The finality (and hence appealability) of the December 14 order is a handwritten addition, no copy of the order was sent to counsel, counsel himself contacted the Clerk's Office and obtained a copy, and, once the order was obtained by counsel, the Notice of Appeal was filed without undue delay. *See Pioneer Investment Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 390–92, 396–99, 113 S.Ct. 1489, 1496, 1499–1500, 123 L.Ed.2d 74 (1993) (characterizing excusable neglect as an elastic concept that encompasses inadvertence, mistake, or carelessness, as well as circumstances beyond a party's control). Rule 8002(c), however, requires that even in cases of excusable neglect, the issue must be raised, and the appeal filed within the 30–day window of Rule 8002 (Rule 8002(a)'s 10 days for the appeal + 8002(c)' s 20 days for the extension). *See, e.g., Dyotherm Corp. v. Turbo Machine Co.,* 434 F.2d 65 (3d Cir.1970); *In re Botany Indus. Inc.,* 19 B.R. 599 (Bkrtcy.E.D.Pa.1982). The rule does not allow a party to claim excusable neglect after the 30 days have expired.

Here, this Court finds that the Notice of Appeal was filed without undue delay. Mr. Grossman, who is pro se, did not attend the June 13, 2023 hearing apparently having had his request to appear via Court Solutions denied. Mr. Grossman did not receive the June 13, 2023 decision of the Bankruptcy Court and the June 13, 2023 Order on the day it was entered by the Court but rather days later and he did not have electronic filing privileges to electronically file the Notice of Appeal with the Bankruptcy Court. Further, Mr. Grossman asserts that on June 23, 2023

he secured a money order to pay the filing fee for the Notice of Appeal and he mailed the Notice of Appeal on June 23, 2023 although it did not reach the Court until June 29, 2023 (See ECF 41). The Notice of Appeal was filed on June 29, 2023 and entered on the Court's docket on June 30, 2023.  Any delay this Court finds was excusable.

There is a dispute here as to whether the Notice of Appeal was timely received by the Bankruptcy Court but entered late.  In light of the Court's decision here today that Mr. Grossman is granted an extension of time to file the Notice of Appeal based on excusable neglect, the Court does not need to determine whether the Notice of Appeal reached the Court within the initial fourteen-day period, but notes that no evidence has been submitted to indicate the appeal reached the Court any time other than on June 29, 2023, the date the document was stamped as filed.

Prudential has also argued that if the appeal was not filed timely then the District Court lacked jurisdiction to remand the question of whether excusable neglect supports an extension of the time to appeal pursuant to Rule 8002.  This question was raised by Prudential before the District Court in its  Motion to Reconsider the District Court's February 15, 2023 Letter Order and rejected by the District Court in its August 28, 2024 Letter Order.  The District Court stated in its August 28, 2024 Letter Order:

> Appellee, first in its Motion to Dismiss (ECF No. 5) and now in its Motion for Reconsideration (ECF No. 12), argues that Rule 8002(a) and the Third Circuit precedent articulated in *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) stripped this Court of subject matter jurisdiction over Mr. Grossman's appeal of the Bankruptcy Court's decision to dismiss his Adversary Proceeding. (ECF No. 1.) This Court does not agree with Appellee's reasoning and does not find that it has made an error of law warranting reversal of its prior order, as it remains unclear whether this Court lacks subject matter jurisdiction over Mr. Grossman's appeal.

(August 28, 2024 Letter Order, pp. 1-2.)

Here, the Motion to Extend Time to File a Notice of Appeal is properly before the Bankruptcy Court on remand so that the Bankruptcy Court has jurisdiction to decide it. Mr.

Grossman on July 17, 2023 timely filed the Motion to Extend the time and has met his burden of demonstrating excusable neglect. Mr. Grossman's Motion to Extend the time to file a Notice of Appeal to June 29, 2023 is granted.

## CONCLUSION

Under appropriate circumstances, it may be possible for a trust to be represented by a sole beneficiary under applicable law. However, on this remand to clarify the basis of Judge Ferguson's June 13, 2023 Decision, at the time of the June 13, 2023 hearing before Judge Ferguson and as set forth in the Bankruptcy Court's decision entered on the record on that day, the evidence before the Bankruptcy Court was insufficient to conclusively determine that Mr. Grossman was the sole beneficiary of the ENB Trust and that there were no creditors of the Trust so as to allow Mr. Grossman, a non-attorney, to represent the Plaintiff, ENB Trust.

Mr. Grossman's Motion to Extend the time to file a Notice of Appeal to June 29, 2023 is granted.

An Order will be entered accompanying this Opinion.

Dated: April 16, 2025

_____
Honorable Rosemary Gambardella
United States Bankruptcy Judge